IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DATACARRIER S.A.,

Plaintiff,

v.

WOCCU SERVICES GROUP, INC.,

Defendant.

ORDER

16-cv-122-jdp

This is a copyright infringement case involving computer software for running ATM systems. Among the critical issues will be what elements of Datacarrier's software constitute protectable expression and whether WSG has copied those protected elements. Needless to say, these are questions for which the court will require fine-grained expert analysis.

But Datacarrier's liability expert, Dr. Howard Cohen, made a fundamental error in his opening expert report, assuming that Datacarrier's software was based on a 2003 version of a data messaging standard, ISO 8583. Actually, Datacarrier's software used the 1993 version of the ISO 8583 standard. WSG's expert, Daniel Milstein, pointed out the error in his responsive report. Now Datacarrier wants to file a supplemental expert report to correct the error, which would require the court to amend the case schedule. Dkt. 101. WSG opposes. Dkt. 104. Because the motion may affect how the parties conduct discovery, the court will address the motion now rather than in conjunction with the pending motion for summary judgment.

The court will deny Datacarrier's motion because it would be unfair to WSG to allow Datacarrier to retool its expert report this late in the case. Datacarrier disclosed the supplemental report 20 days after Cohen's deposition. This alone makes the supplemental report untimely under the court's scheduling order, which requires supplementation of expert

reports to be served five calendar days before the expert's deposition. Dkt. 24, at 2. And Datacarrier served the supplemental report only six days before the extended dispositive motion deadline, which did not afford WSG an adequate opportunity to respond to the report. Yes, Datacarrier moved quickly when it learned of Cohen's error: it notified WSG about the forthcoming supplemental report and provided the report all within nine days of receiving Milstein's report. But it was still too late. If I were to allow the supplemental Cohen report, in fairness I would also have to allow WSG to supplement its own expert report, and I would have to allow supplemental briefing on summary judgment. And all this would likely make it impossible to keep the trial date. None of this is fair to WSG.

Nor is the court persuaded that the supplemental report is justified. Datacarrier contends that Cohen's error was caused by problems in translating between Datacarrier's Spanish-speaking client representatives and its English-speaking expert. I doubt that this is the root cause of the problem for reasons provided in WSG's opposition. Dkt. 104, at 3-4. And it is Datacarrier's responsibility to provide accurate information and translation to its expert. WSG's expert was able to determine the actual source of Datacarrier's software by dint of a more careful analysis. The bottom line is that WSG's expert was more thorough than Datacarrier's, which does not give Datacarrier good cause for supplementing its report and amending the case schedule, which has already been stretched to the limit by the extension of the dispositive motion deadline.

ORDER

IT IS ORDERED that plaintiff Datacarrier, S.A.'s motion to modify the case schedule, Dkt. 101, is DENIED.

Entered July 25, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge