IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DATACARRIER S.A.,

                              Plaintiff,

v.

WOCCU SERVICES GROUP, INC.,

                            Defendant.

OPINION & ORDER

16-cv-122-jdp

---

Plaintiff Datacarrier S.A. sued WOCCU Services Group, Inc. for copyright infringement of Datacarrier's software. (The parties refer to the defendant as WSG, so the court will do the same.) The court concluded that Datacarrier's claim failed as a matter of law and granted WSG's motion for summary judgment. Dkt. 134. Now WSG seeks attorney fees under 17 U.S.C. § 505. Dkt. 138.[1] For the reasons stated below, the court will grant WSG's motion.

ANALYSIS

The Copyright Act allows district courts to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Supreme Court has provided guidance regarding the meaning of that broad language in two cases. In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Court set forth two general principles: (1) the district court must make particularized, case-by-case assessment rather award fees as a matter of course to the prevailing party, *id.* at 533; and (2) a court may not treat prevailing plaintiffs and prevailing defendants any differently, *id.* at 527. The Court also listed "several nonexclusive factors" that a may inform a

---

[1] WSG also cites 28 U.S.C. § 1927, but doesn't develop an argument under that statute, so the court will limit its analysis to § 505.

decision under § 505: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19.

In *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016), the Court held that district courts "should give substantial weight to the objective reasonableness of the losing party's position" while "also giv[ing] due consideration to all other circumstances relevant to granting fees." The Court gave two examples of such other circumstances: litigation misconduct and a history of raising unsuccessful claims or defenses in other copyright cases. *Id.* at 1988–89.

For its part, the Court of Appeals for the Seventh Circuit has added its own gloss to the standard, stating that "the two most important considerations in deciding whether to award fees are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 791 (7th Cir. 2014) (internal quotations omitted). In other words, if the losing party had a weak claim or defense but the prevailing party doesn't obtain any relief, there is a "compelling" case for awarding fees. *Id.* Because a defendant generally cannot obtain any relief other than dismissal of the case, "the defendant is entitled to a very strong presumption in favor of receiving attorneys' fees, in order to ensure that an infringement defendant does not abandon a meritorious defense in situations in which the cost of vindication exceeds the private benefit to the party." *Id.* (internal quotations omitted).

The court of appeals has not revisited its standard since *Kirtsaeng*. And there is a plausible argument that any reliance on presumptions is inconsistent with that case. *Kirtsaeng*, 136 S. Ct. at 1989 (rejecting presumption against awarding fees when the losing party's

2

position is reasonable because a presumption "goes too far in cabining how a district court must structure its analysis and what it may conclude from its review of relevant factors"). But even if a presumption is not appropriate, the lack of any other remedy for a defendant is still a relevant consideration because it is part of the broader concern of providing incentives to parties to litigate strong claims and defenses.

WSG says it is entitled to fees under § 505 for the following reasons:

- it is the prevailing party;

- it is the defendant and did not obtain a remedy;

- the court concluded that Datacarrier's software either was not protected by copyright or was not sufficiently similar to WSG's software;

- the court concluded that Datacarrier's experts were difficult to understand and relied on inadmissible evidence;

- WSG asserted other affirmative defenses, such as fair use and fraud on the copyright office, that the court did not consider but that WSG "pursued by necessity";

- Datacarrier engaged in "gamesmanship" by initially suggesting that Ecuadorian government officials would testify on Datacarrier's behalf but then revealing that they were not testifying at trial;

- Datacarrier relied on unauthenticated and inadmissible documents throughout the litigation, despite WSG's continuing objections to those documents;

- Datacarrier relied on data that existed only in Ecuador, even though the court had already ruled that WSG could not be held liable for any acts of infringement that occurred wholly outside the United States;

- Datacarrier relied on "NDC code" even though the court had already determined in the context of deciding the motion to dismiss and a motion to compel that the evidence was not relevant;

- Datacarrier filed the lawsuit out of a "desire to take some sort of financial or professional revenge against WSG" because of a failed business relationship between WSG and ServiTec, which is owned by Nicolas Martinez Carrillo, Datacarrier's former financial manager;

3

- Datacarrier's success in this lawsuit would have threatened ATM access of "thousands of account holders in Peru, Ecuador, Bolivia, and Mexico."

These contentions can be grouped into five categories: (1) the relative strength of the parties' claims and defenses; (2) conduct by Datacarrier that prolonged the litigation and increased its expenses; and (3) Datacarrier's motivation in bringing the suit; (4) the public benefits advanced by litigating the case; and (5) the need to encourage defendants with meritorious defenses to litigate.[2]

The court already noted that the last factor favors an award of fees in this case, so it is unnecessary to discuss that again. The court will consider the remaining arguments in turn.

**A. Strength of claims and defenses**

The relative strength of the parties' claims and defenses supports an award of fees in this case. The court resolved all issues in WSG's favor, sometimes on multiple grounds. The court did not go as far as to say that Datacarrier's claim was frivolous, but in light of the evidence that Datacarrier submitted, the case was not a close one.

Datacarrier resists this conclusion on a number of grounds, but none are persuasive. First, Datacarrier says that it was an open question in this circuit whether domestic authorization of foreign infringement is covered by the Copyright Act. That is true, but this observation does little to undercut WSG's request for fees. As an initial matter, Datacarrier acknowledges that only a small fraction (less than ten percent) of WSG's fees can be attributed

---

[2] In its opposition brief, Datacarrier says that WSG is also relying on the "relative wealth of the parties." Dkt. 142. Although WSG makes a passing reference to its status as a "non-profit member organization," Dkt. 138, at 13, it does not identify that as a separate reason for awarding fees and it does not mention the issue in its reply brief, so the court has not considered it.

4

to the issue of extraterritoriality. More important, the court's interpretation of the scope of the Copyright Act was not the only reason that that Datacarrier lost the case, so even if it had prevailed on that issue, the court still would have granted WSG's motion for summary judgment.

Second, Datacarrier says that it "elicited and presented evidence that Entura [WSG's software] copied elements of TID [Datacarrier's software]." Dkt. 142, at 10. But, again, that observation does not undercut an award of fees. The court assumed in the summary judgment opinion that "Entura uses the same NDC Code and message formats as TID," Dkt. 134, at 12, but that assumption didn't help Datacarrier because there were other fatal problems with its claim. In determining the objective reasonableness of a party's case, the appropriate question is not whether the party could prove or disprove a particular element or issue, but how clear it was that the party would succeed or fail on the claim as a whole.

This leads to Datacarrier's next argument. Datacarrier says that the primary conclusion in the summary judgment opinion—that the similarity of the message formats in the parties' software could not serve as the basis for infringement—was reasonably debatable. But the court explained in the summary judgment opinion why the one Seventh Circuit case Datacarrier cited, *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640 (7th Cir. 2003), was readily distinguishable on multiple grounds and that the information at issue was no different from blank fill-in forms, "which have long been regarded as not copyrightable." Dkt. 134, at 17 (citing *Baker v. Selden*, 101 U.S. 99 (1879), *Taylor Instrument Cos. v. Fawley-Brost Co.*, 139 F.2d 98 (7th Cir. 1943), and 37 C.F.R. § 202.1). Because that determination relied on clearly established principles of copyright law, Datacarrier's position was not objectively reasonable. As a result, this factor favors an award of fees.

5

## B. Unnecessarily protracting litigation

Both sides assume that unreasonable conduct during litigation is a relevant factor in deciding a § 505 fee petition. Although the parties do not cite case law addressing that precise issue, it makes sense to require a party to pay for expenses incurred by the other side only because of the party's unreasonable behavior. *Cf. Kirtsaeng*, 136 S. Ct. at 1988 (court may award fees for opposing party's "litigation misconduct").

In this case, WSG says that Datacarrier increased the costs of litigation by clinging to arguments that the court had already rejected. Specifically, WSG says that Datacarrier continued relying on documents that it should have known would be inadmissible, both because they were not authenticated and because they related solely to extraterritorial conduct, which the court had already said was not protected by the Copyright Act. Datacarrier says that "[i]t was not apparent before the Court's summary judgment decision that NDC Code-based testimony would be excluded" because Federal Rule of Evidence 703 allows experts to rely on inadmissible evidence. Dkt. 142, at 12. But the court of appeals has made it clear that parties cannot use Rule 703 "as a vehicle for circumventing" the rules of evidence." *Boim v. Holy Land Foundation for Relief and Development*, 511 F.3d 707, 753 (7th Cir. 2007). Thus, this factor favors WSG as well.

## C. Other factors

WSG also says that Datacarrier filed this lawsuit because of a failed business relationship and that "thousands of account holders" in Central America and South America could have lost access to ATMs if Datacarrier had prevailed in this case. But both arguments are conclusory and undeveloped, so they do not add anything to the analysis.

**D. Conclusion**

The bottom line is that WSG had a strong defense, Datacarrier clinged to some weak arguments that increased the expense of the litigation, and Datacarrier will be left without a remedy if the court declines to award fees. Under these circumstances, and in the absence of any reasons *not* to award fees, the court concludes that it is appropriate to grant WSG's motion under § 505.

**E. Reasonableness of fees**

WSG seeks fees of $936,325, which translates to an effective rate of $360 an hour. As WSG notes, this is similar to the rate approved in another recent copyright case. *Moffat v. Acad. of Geriatric Physical Therapy*, No. 15-cv-626, 2017 WL 4217174 (W.D. Wis. Sept. 20, 2017). Because Datacarrier does not object to the reasonableness of the rate charged or the hours expended, the court will grant WSG's request in full.

ORDER

IT IS ORDERED that:

1. The motion for attorney fees filed by defendant WOCCU Services Group, Inc., Dkt. 138, is GRANTED. WSG is AWARDED $936,325 in fees.

2. The clerk of court is directed to amend the judgment accordingly.

Entered June 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge